IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:09-CR-75-FL

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| JASON CHRISTOPHER COLLINS, | ) | |
| Defendant. | ) | |

This matter is before the court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge James E. Gates (DE # 58) regarding defendant's motion to suppress (DE # 30). No objections to the M&R have been filed, and the time within which to make any objection has expired. Accordingly, this matter is ripe for ruling.

Defendant seeks to suppress a firearm and ammunition found and statements made during a search of his home in October 30, 2008. Police officers had a warrant for the search. The following information was offered in support of the warrant: (1) on October 13, 2008, police officers went to defendant's home to investigate a disturbance; (2) during this visit, someone from defendant's home called 911 and threatened to shoot the police if they did not leave the property; (3) an officer who spoke to defendant on October 13 verified that it was defendant's voice on the 911 tape; and (4) while investigating the October 13 incident, defendant's neighbor told police she had twice seen defendant with a gun approximately two months earlier. (Def.'s Mot. To Suppress, DE #30, p. 5–10.)

Defendant contends the search violates the Fourth Amendment. First, he argues the

information in the warrant is stale and, thus, does not support probable cause. Second, he argues that, even if the information is not stale, the information in the warrant fails to establish probable cause. On September 17, 2009, a suppression hearing was held before the magistrate judge. At the hearing, defendant abandoned the insufficiency of the information argument, instead focusing on the staleness argument. (Tr. 42–45.) On October 16, 2009, the magistrate judge issued the M&R, recommending that the court deny defendant's motion.

In accordance with the Fourth Amendment, a search warrant must be supported by probable cause. United States v. McCall, 740 F.2d 1331, 1335 (4th Cir. 1984). Probable cause exists if, given the totality of the circumstances, there is "a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). The timing of the facts alleged in support of the warrant are relevant to the court's probable cause analysis. McCall, 740 F.2d at 1335–36. However, "[t]he passage of time in itself is not necessarily dispositive[,]" and "[t]he information in the warrant is not stale if the evidence sought is 'intrinsically likely to remain at the location where it was originally observed.'" United States v. Washington, 139 F. App'x 479, 482 (4th Cir. 2005) (per curiam) (quoting McCall, 740 F.2d at 1337).

Here, the magistrate judge found the warrant was supported by probable cause and the information offered in support was not stale. First, the magistrate judge found that the information in the warrant strongly supported an inference that defendant possessed a firearm on October 13, 2009. (M&R 9.) See also United States v. Templeton, 543 F.3d 378, 379 (7th Cir. 2008) (finding prior threatened use of a firearm contributed to a finding of probable cause). Second, the magistrate judge found that information that defendant possessed a gun on recent prior occasions supported an inference that defendant continued to possess the firearm. (M&R 11.) See also United States v.

Maxim, 55 F.3d 394, 397 (8th Cir. 1995) (finding that a record of past firearm possession supported an inference of continued possession four months later). As a result, the magistrate judge concluded that probable cause of defendant's firearm possession existed when the search warrant was issued on October 28, 2009, and executed October 30, 2009. (M&R 12.) The magistrate judge also rejected the contention that the fifteen (15) day gap between the incident the October 13 incident and the issuance of the warrant made the warrant stale. (M&R 12.) See also United States v. Farmer, 370 F.3d 435, 439 (4th Cir. 2004) (citing possession of firearms as an example of activity in which the passage of time does not readily diminish probable cause).

After review of defendant's motion, the government's response, the hearing transcript, the M&R, and the relevant case law, this court agrees with the magistrate judge. The conclusions reached in the M&R are supported by the controlling case law as applied to the facts of this case. Consequently, the court ADOPTS the M&R as its own and for the reasons stated therein. Accordingly, defendant's motion to suppress is DENIED.

SO ORDERED, this the 13th day of December, 2009.

LOUISE W. FLANAGAN
Chief United States District Judge